UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN ETSELL et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. CIV-21-724-G |
| | ) |
| STATE FARM FIRE & CASUALTY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Defendant State Farm Fire & Casualty's ("State Farm") Partial Motion to Dismiss Plaintiffs' Negligence Claim (Doc. No. 6). Plaintiffs Ryan Etsell and Sarah Etsell responded in opposition (Doc. No. 7), and Defendant replied (Doc. No. 8).

### SUMMARY OF THE PLEADINGS

Plaintiffs allege that their home sustained weather-related damage, primarily to the roof of the house, in May 2020. *See* Pet. (Doc. No. 1-1) at 1. After completing inspections in November 2020 and February 2021, State Farm determined a final estimate of damage of $17,058.19. *Id.* at 1-2. Plaintiffs objected to the report issued by the engineer State Farm retained to inspect Plaintiff's roof. *Id.* at 2-3. Specifically, Plaintiffs objected to the method and cost of repair conclusions in the engineer's report. *Id.* at 3-4. Plaintiffs allege that it is necessary to replace their roof, rather than repairing portions, and that State Farm refused their demand to pay "for the total damage to the roof." *Id.* at 4.

On April 29, 2021, Plaintiffs filed suit against State Farm in the District Court of McClain County, Oklahoma, asserting claims for breach of the implied duty to deal fairly and in good faith, for breach of contract, and for negligence. *See* Pet. at 4-7. State Farm removed the action to this Court on July 20, 2021. *See* Notice of Removal (Doc. No. 1). State Farm thereafter filed the instant Motion seeking dismissal of Plaintiff's negligence claim.

## DISCUSSION

### I. Applicable Standards

State Farm seeks dismissal of Plaintiffs' negligence claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### II. Plaintiffs' Negligence Claim

State Farm argues that there is no Oklahoma common-law claim for negligence against an insurer by an insured for failure to pay an insurance claim. *See* Def.'s Mot. at 3. The Court agrees.

The Oklahoma Supreme Court recognizes "two causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." *Lewis v. Farmers Ins. Co.*, 681 P.2d 67, 69 (Okla. 1983). "The relationship between an[] insurer and its insured is defined and governed by the insurance policy and its accompanying implied covenant of good faith and fair dealing." *Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC*, 341 P.3d 75, 86 (Okla. 2014). "Oklahoma law does not provide for a negligence claim against an insurer by its insured." *Tolman v. Reassure Am. Life Ins. Co.*, 391 P.3d 120, 123 (Okla. Civ. App. 2015); *see also Murchison v. Progressive N. Ins. Co.*, 572 F. Supp. 2d 1281, 1284 (E.D. Okla. 2008) ("The court has found nothing that might suggest that a common law action for negligence exists based on an insurer's failure to pay a claim for six months. . . . . [T]his court will not create a common law duty where none seems to exist.").

In their Response, Plaintiffs argue that State Farm had a general common-law duty to act in a reasonable manner. *See* Pls.' Resp. at 5-7. Plaintiffs, however, do not cite any Oklahoma cases recognizing such a duty owed by an insurer to an insured. The Court therefore finds that Plaintiffs' negligence claim fails as a matter of law, and Plaintiffs' negligence claim is dismissed pursuant to Rule 12(b)(6).

III. *Plaintiffs' Requests in the Alternative*

Plaintiffs request, in the alternative, the opportunity to conduct discovery prior to dismissal of their negligence claim. Local Civil Rule 26.3(a), however, prescribes that "no party may seek discovery from any source before [a Rule 12(b) motion] has been decided

and all moving parties have filed an answer or been dismissed from the case." *See also* LCvR 7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."). Further, based on the discussion above, the Court finds that discovery into the allegations in the Petition will not provide a basis to state a claim for negligence. Plaintiffs' request for discovery is therefore DENIED.

In addition, Plaintiffs request, in the alternative, leave to amend their Petition pursuant to Federal Rule of Civil Procedure 15. In its Reply, State Farm argues that leave to amend should be denied because any such amendment would be futile. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("The district court is not required to grant leave to amend . . . if amendment would be futile.").

Plaintiffs have not provided a proposed amended pleading with their request to amend, as is required by Local Civil Rule 15.1. *See* LCvR 15.1. Nor do Plaintiffs describe in detail how they would amend their complaint. As noted, Plaintiffs' Petition (Doc. No. 1-1) already presents claims for breach of contract and for bad faith, which are the primary claims recognized under Oklahoma law by an insured against an insurer for failure to pay an insurance claim. The Court therefore DENIES Plaintiffs' request for leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. No. 6) is GRANTED, and Plaintiffs' alternative requests for relief are DENIED. Plaintiffs' negligence claim is dismissed without prejudice. This matter shall be set on the Court's next regular docket for a status and scheduling conference.

IT IS SO ORDERED this 30th day of March, 2022.

_[signature: Charles B. Goodwin]_

CHARLES B. GOODWIN
United States District Judge